Peter L. Fear
Chapter 7 Trustee
P.O. Box 28490
Fresno, California 93729
(559) 464-5295
trustee@trusteefear.com

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION

| | |
|---|---|
| In re: | Case No. 14-15869-A-7 |
| SUZANNE ASHLEY, | Chapter 7 |
| | D.C. No. PFT-2 |
| Debtor. | Date:   March 11, 2015<br>Time:   9:00 a.m.<br>Place:  Dept. A, Ctrm. 11, 5th Floor<br>          United States Courthouse<br>          2500 Tulare St., Fresno, California<br>Judge: Hon. Fredrick E. Clement |

**TRUSTEE'S MOTION FOR ORDER AUTHORIZING EMPLOYMENT OF AUCTIONEER, AUTHORIZING SALE OF PROPERTY AT PUBLIC AUCTION AND AUTHORIZING PAYMENT OF AUCTIONEER FEES AND EXPENSES**

PETER L. FEAR, Chapter 7 Trustee herein ("Applicant") hereby moves the Court for

for authority to employ an auctioneer, for authority to sell property at public auction, and for

authority to pay auctioneer fees and expenses, and submits the following points and

authorities in support of that motion:

1.      Debtor filed a Chapter 7 petition on December 9, 2014, and an order for relief

was entered.  Applicant is the duly appointed, qualified and acting Trustee of the above

referenced bankruptcy estate.

Motion to Employ Auctioneer [etc] - 1

2. The assets of the estate include, but are not limited to:

| Asset Description | Scheduled Value | Trustee's Value | Liens | Exemptions | Net Value |
|---|---|---|---|---|---|
| 2008 Nissan Xterra VIN: 5N1AN08U28C538041 | $11,600.00 | $11,886.00 | $5,500.00 | $2,100.00 | $4,286.00 |
| **TOTAL** | | | | | **$4,286.00** |

3. In order to liquidate said asset for the benefit of the creditors, the Trustee believes it is necessary to sell the Personal Property at public auction. Based on the Trustee's experience Trustee believes that the best and highest net recovery to this estate will arise by selling the Personal Property at public auction through the employment and services of a licensed auctioneer. The assets are either unencumbered or have greater value than any liens and exemptions applied to the assets. Trustee believes that sale of the assets will result in funds to pay creditors.

4. Applicant seeks to retain the services of Gould Auction and Appraisal Company, 30602 Imperial Street, Shafter, California 93263 ("Auctioneer"). In order to expedite the sale of the Personal Property, Trustee entered into an agreement, subject to Court approval, with Jerry Gould of Gould Auction & Appraisal Company. Jerry Gould is the owner and operator of Gould Auction & Appraisal Company and is authorized to review this application and agree to the terms and conditions contained herein. Mr. Gould will conduct and be responsible for the public auction sale. The date for the public auction sale is March 21, 2015, at 10:00 a.m. The auction will be held at 6200 Price Street, Bakersfield, California.

5. According to the agreement between Trustee and Auctioneer, the fees for professional services rendered by Gould Auction & Appraisal Company are as follows:

Case 14-15869    Filed 01/28/15    Doc 15

    a.    Auctioneer will receive a commission of 15% on the gross proceeds of the auction sale of unencumbered personal property.

    b.    Included in the commission will be necessary expenses including, but not limited to, inventory, advertising and other costs of sale.

    c.    Auctioneer may be reimbursed for up to $500.00 for any extraordinary expenses (for example, if a truck needs a large battery) and a $100.00 pick up fee, without further order of this Court.

    d.    Auctioneer will be responsible for collecting and paying any and all sales tax in relation to this auction.

6.    The auctioneer holds a $150,000.00 bond that is required by the U.S. Trustee, the original of which is in the possession of the U.S. Trustee.

7.    Trustee believes the proposed fee for services is reasonable and customary for the services to be rendered by the auctioneer.

8.    Trustee believes that the granting of this Application is in the best interests of the Bankruptcy Estate and, accordingly, the Court should approve said employment as provided in 11 U.S.C. §327(a). Based on the Declaration of Jerry Gould in Support of the Application for Order Authorizing Employment of Auctioneer, the Trustee is informed and believes that Jerry Gould and Gould Auction & Appraisal Company are disinterested persons within the meaning of 11 U.S.C. §101(14) and have no connections with the debtor, creditors, or any other parties in interest or in their respective attorneys or accountants, the United States Trustee or any person employed in the Office of the United States Trustee.

9.    Auctioneer

    a.    is not a creditor, an equity security holder, or an insider;

Motion to Employ Auctioneer [etc.] - 3

   b. is not and was not an investment banker for any outstanding security of the debtors;

   c. has not been, within three (3) years before the date of the filing of the petition, an investment banker for a security of the debtors, or an attorney for such an investment banker in connection with the offer, sale or issuance of a security of the debtors;

   d. is not and was not, within two (2) years before the date of the filing of the petition, a director, officer, or employee of the debtors or of an investment banker specified in subparagraph (a) or (b) of this paragraph; and

   e. does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with or interest in the debtors or an investment banker specified in subparagraph (a) or (b) of this paragraph, or for any other reason.

10. Pursuant to the hanging paragraph of 11 U.S.C. Sec. 521(a)(6), the Court may make a determination that property is of consequential value to the estate, may provide for adequate protection and may require the Debtor to deliver the collateral to the Trustee. Trustee hereby requests that the Court make such a determination to the extent the personal property is collateral for a debt. As noted above and in the supporting documents, the property to be sold is of consequential value to the estate, the secured creditor will be adequately protected because the vehicle is in possession of the auctioneer and the creditor will be paid in full once the vehicle is sold at auction, and the debtor has already delivered the vehicle to the possession of the Trustee.

1  WHEREFORE, Trustee prays for an order granting the following:

2      A. Authorization to employ GOULD AUCTION AND APPRAISAL COMPANY as auctioneer to conduct a public sale to sell personal property, and

5      B. Authorization to sell the above-described personal property at a public auction to be conducted on March 21, 2015, at 10:00 a.m. at 6200 Price Street, Bakersfield, California, and

8      C. Authorization to pay the auctioneer fees and expenses described above, and

10      D. To the extent the personal property described above is collateral for a debt, determining that the Trustee has satisfied the hanging paragraph of 11 U.S.C. Sec. 521(a)(6), and (1) the personal property is of consequential value or benefit to the estate, the secured creditor(s) is adequately protected and the Debtor has previously delivered possession to the Trustee, and

16      E. Such other relief as the Court deems just and practicable.

Dated: 1/27/2015                                               /s/ Peter L. Fear
                                                                      PETER L. FEAR
                                                                      CHAPTER 7 TRUSTEE